## Smilie v. Biffle.

1. A purchaser from one of several trustees for A. for life, remainder in trust, to sell and pay to B., entered under his deed. The statute of limitations commenced running against the whole estate, and twenty-one years adverse possession bars as well the trustee as the cestui que trust tenant for life, and those in remainder.
2. As respects strangers, the legal and equitable estate are one, so as to be barred by adverse possession to the legal estate.

ERROR to the Common Pleas of Fayette county.

John Smilie died about 1813, having made a will whereby he devised the premises in question to Lane, Griffin, and Houston, and to their use in fee, in trust to receive, &c., for the separate use of Jane Craig, his daughter, for life, then a feme covert, with a power to sell during her life, at discretion; and in case a sale was made, to divide the proceeds at her death, as the land was devised in case no sale was made, which was after the death of Jane, to sell the same and pay it in certain proportions among his grandchildren.

Plaintiff was a child of Jane, and proved an election before suit brought by all the heirs to take it as land.

The defendant showed a deed in 1813, from Houston, as acting executor of Smilie; an entry and possession to the present time.

The plaintiff asked the court to instruct the jury, 1st, That if Jane Craig died within twenty-one years, the plaintiff could recover; which the court declined, saying, the legal estate being in the trustees, any possession which barred that, would bar the cestuis que trust. 2d, That the statute did not commence running, until the death of Jane, against the present plaintiff. The court said this was not so, and referred to their previous answer.

*Deford* and *Biddle*, for plaintiff in error, referred to 16 Serg. & Rawle, 384; 1 Watts, 120; 1 Watts & Serg. 118; 1 Johns. Ch. 110; 4 Kent, Com. 172; 8 Serg. & Rawle, 486; 7 Watts, 261; 6 Watts, 500; 4 Johns. 402; 8 Id. 262; 9 Mass. 508; 15 Id. 471; 8 Watts, 507; 5 Cow. 96; 4 Watts & Serg. 196.

*Veech*, contrà.—1 Wh. 61; 3 Penna. 426; Blanchard on Limitation, 82.

ROGERS, J.—An opinion was formerly pretty generally entertained, that trust estates were not within the statute of limitations. But in Llewellen *v.* Mackworth, Lord Hardwicke observes, The rule in a court of equity, that the statute of limitations does not bar a trust

estate, holds only as between cestui que trust and trustee, not between cestui que trust and trustee on the one side, and a stranger on the other; for that would, be, to make the statute of no force at all, because there is hardly an estate in the kingdom without such trust; and so the act would never take place. Therefore, where cestui que trust and trustee are both out of possession, for the time limited, the party in possession has a good bar against both. 15 Vin. 125, pl. 1 ; 1 Saunders, Uses & Trusts, 280; 1 Cox, 28; Blanchard on Limitations, 38. Indeed, the wonder is, that so plain a proposition should ever have been doubted. A party obtains an inceptive title, by an adverse holding, subject to be defeated only by the entry of the owner of the legal estate at any time within twenty-one years. And the trustee may be compelled by the cestui que trust to enter, so as to avoid the adverse possession ; and the cestui que trust may himself enter as a defeasor. By the terms of the will, the trustees had the right to enter on the land, to take the rents, issues, and profits, and apply the same to the separate use of Jane Craig, the testator's daughter, during her natural life, with power to sell the fee simple, and appropriate the interest of the purchase money to her use, and after her death, to be paid to certain legatees therein named, of whom the present plaintiff was one. The property was sold in the lifetime of Jane Craig ; but the sale was the act of but one of the trustees, and it is contended, that the execution of a joint trust must be by the concurrence of all. In this respect, the title of Nicholson, the purchaser, is manifestly defective. But Nicholson took possession of the premises in pursuance of the contract, and held the same for upwards of twenty-one years. He therefore held adversely to both cestui que trust and trustee, and consequently, obtained by the statute of limitations, an indefeasible title, which cannot now be disturbed or gainsayed. The statute of limitations is emphatically a statute of repose. The plaintiff had no interest in the land at the time of the entry, for land, ordered by will to be converted into money, is money. Now, even admitting that this is a case of election, and that the legatees, beneficially entitled, have elected to take it as land, (and on both propositions there is some doubt,) no act of theirs can prevent the running of the act of limitations. The act commenced running, the instant the purchaser took possession ; at that time the legatees had no interest in the land as land, and a subsequent election cannot affect the right of the purchaser. When the act commences running, it continues to run, as is well settled. It would strike me to be an anomaly, that the owner of the legal estate should be barred, and that the owner of the equitable title, whether his interest be an interest in possession, or by way of remainder, should nevertheless be entitled to enter. Equity follows the law, and courts

of equity have adopted the act of limitations by analogy. If a trustee is negligent of his duty, (as he may be,) the cestui que trust is not without remedy. That there are exceptions in favour of infants in cases of implied trusts may be conceded. But this is not a case of that description, and there is nothing to exempt it from the operation of the rule.

Judgment affirmed.