100   505
122   44

[No. 19240.   Department Two.—December 26, 1893.]

JOHN A. PATCHETT ET AL., RESPONDENTS, *v.* THE PACIFIC COAST RAILWAY COMPANY, APPELLANT.

PRIVATE WAY—EASEMENT—PRESCRIPTION.—A private right of way over land is an easement, and an interest in the land which may be acquired by prescription.

ID.—INFANTS BARRED BY PRESCRIPTION AGAINST TRUSTEE.—A prescriptive right to a right of way may be acquired as against infants, where their property is in the hands of a trustee, if he fail to bring an action to recover the estate within the statutory period.

ID.—STATUTE OF LIMITATIONS—TRUST ESTATE.—The rule that the statute of limitations does not bar a trust estate holds only between *cestui que trust* and the trustee, and not as between the *cestui que trust* and trustee on one side and strangers on the other; and when a trustee is barred by the statute of limitations, the *cestui que trust* is likewise barred, even though an infant.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

*Wilcoxon & Bouldin,* and *J. M. Wilcoxon,* for Appellant.

The cause of action is barred by limitation. The right of way or easement was a right which could be acquired by prescription. (*Daniels* v. *Gualala M. Co.,* 77 Cal. 300.) As the minors in this case were represented by a trustee who was at all times capable of protecting their interests by action, their minority does not relieve the bar of the statute. (13 Am. & Eng. Ency. of Law, 740; *Wilmerding* v. *Russ,* 33 Conn. 67; note to *Moore* v. *Armstrong,* 36 Am. Dec. 68, and cases cited; 2 Perry on Trusts, 3d ed., sec. 858; Code Civ. Proc., sec. 369.)

*Venable & Goodchild,* and *W. H. Spencer,* for Respondents.

The respondents being minors, the statute could not have commenced to run against them five years prior to the beginning of this action. (Code Civ. Proc., sec.

328, subd. 1; *Crosby* v. *Dowd*, 61 Cal. 587; *Jackson* v. *Johnson*, 5 Cow. 74; 15 Am. Dec. 446.)

Belcher, C.—This action was instituted in November, 1892, by John A. Patchett and his four children to have their title quieted to a tract of land in San Luis Obispo county. The defendant corporation by its answer alleged title in itself to a strip sixty feet wide across the said tract, and pleaded in bar of the action the statute of limitations. The court below gave judgment against the defendant, from which it has appealed on the judgment-roll.

The facts found are in substance as follows: The plaintiff, John A. Patchett, and one Amanda Patchett, were husband and wife, and on December 9, 1880, were divorced. The land described in the complaint was community property owned by them, the title standing in the name of the husband, but no division or disposition of it was made by the decree. After the divorce and on the same day John A. executed to Amanda a deed of the said property, which was duly acknowledged and recorded on the day of its date.

It recited: "That whereas the parties hereto have heretofore been husband and wife, and whereas a decree of divorce has been this day made and entered in the superior court of the county of San Luis Obispo, state of California, dissolving the marriage between the parties, and awarding the care, custody, and control of the minor children of the parties hereto to said party of the second part; and whereas certain property of the party of the first part was and is the community property of the parties hereto; now, as a full and complete settlement of all property rights as between the parties hereto, and to make provision for the support and education of the said minor children of the parties hereto, said party of the first part, in consideration of the premises and of one dollar lawful money of the United States to him in hand paid by the said party of the second part, has granted, bargained, sold, conveyed,

and confirmed, and does hereby grant, bargain, sell, convey, and confirm unto the said party of the second part and her heirs and assigns forever, all those certain tracts, pieces, or parcels of land (describing the property), to have and to hold all and singular the said premises with the appurtenances unto the said party of the second part, her heirs and assigns forever, in trust, for the use and benefit of herself and Mary Alice Patchett, now aged ten years; Benjamin E. Patchett, now aged nine years; Bertha Mabel Patchett, now aged five years; and Minerva Emma Patchett, now aged two years, the minor children of the parties hereto, to collect the rents and to receive the rents, issues and profits of the said premises, and apply the same to the maintenance and support of herself and said minor children, until the youngest of said children has attained her majority; and when the youngest of said children is of legal age the said trustee to convey to each of said children the one-fifth (1-5) part or interest in and to the said premises and every part thereof, and to have and take the one-fifth (1-5) part thereof to herself in fee free from the trust aforesaid, the intention hereof being that the said property shall be kept together, managed, and controlled by the said party of the second part until the youngest of said children is eighteen years of age, and then divided equally between the said party of the second part and said children, share and share alike."

On September 8, 1881, Mrs. Patchett, by a deed duly executed and recorded, and expressing a consideration of one dollar, conveyed to a railway company a right of way for a railroad across the said tract of land, the strip described being sixty feet wide, etc., and the same strip now claimed by the defendant. Shortly after the execution of the last-named deed, the defendant succeeded to all the interest acquired by the grantee thereunder, and ever since 1882 it has had the said strip of land "fenced on each side, and during all said time has used the same for the purposes mentioned in said conveyance of September 8, 1881, placing valuable improvements

thereon and the entire length thereof, consisting of railroad ties and iron rails over which daily the freight and passenger cars of said defendant are propelled by its steam-engines, and has thus used exclusively, continuously, openly, peaceably, and notoriously, the same, under a claim of right to said easement, and with the knowledge of all the parties to this action, and said Amanda and one William Sandercock, hereinafter named, since 1882, and has paid all taxes assessed against said easement and the railroad constructed thereon."

Afterwards Mrs. Patchett mortgaged her interest in the land, and the mortgage was foreclosed. At the sale under the decree of foreclosure John A. Patchett became the purchaser, and thereby acquired all the interest of the mortgagor in the property, except in so far as it was affected by her conveyance of September 8, 1881.

Mrs. Patchett continued to act under the deed to her of December 9, 1880, until May, 1890, when by a decree of the superior court she was removed from her trusteeship, and one William Sandercock was appointed in her place. The latter accepted the position, and acted as trustee until June, 1891, when he resigned, and the plaintiff, John A. Patchett, was duly appointed trustee in his place and stead.

At the time of the trial the children were of the ages respectively of 22, 21, 17, and 14 years.

Upon these facts the court found as conclusions of law that the deed made by Mrs. Patchett to the railway company, on September 8, 1881, was void, and conveyed nothing, for the reason that the grantor was the trustee of the estate, and the conveyance was in violation of the terms of the trust; and also that the plaintiff's cause of action was not barred, and an easement in favor of the defendant railway company had not been created by adverse possession and user, " because four of the *cestuis que trust* owners of the equitable estate in the land, were within the age of majority at the time of the entry

of the defendant company, and during all the time of
the occupation and user of the claimed way."

The principal question for decision is, Was the con-
clusion of the court that the action was not barred, and
the defendant had acquired no easement by adverse
possession and user, justified by the facts found?

That a private right of way over land is an easement
and an interest in the land which may be acquired by
limitation, in such case ordinarily called prescription,
is a question which does not admit of debate, and in
support of which no authorities need be cited.

Here the findings show that everything was done by
the defendant necessary to create a prescriptive right,
if such right could be acquired against the minor chil-
dren, for whom the title to four-fifths of the property
was held in trust.

Our code provides that an executor or administrator,
or trustee of an express trust, may sue without joining
with him the persons for whose benefit the action is
prosecuted.    (Code Civ. Proc., sec. 369.)

There has been some conflict in the decisions as to
the rights of minors in cases like this, but the weight
of authority seems to be contrary to the conclusion of
the court below.

In a note to *Moore* v. *Armstrong*, 36 Am. Dec. 68, it is
said: "There is also diversity of opinion on the ques-
tion as to how far the rights of an infant are affected
when his property is in the hands of a trustee, execu-
tor, or guardian; and the tendency of the decisions is to
support the position that when the right of action vests
in an executor, guardian, or trustee who is under no
legal disability, the statute will commence to run despite
the disability of the minor, and if the claim is lost by
the neglect of the representative to sue, the minor is
barred," citing numerous cases.

So in Perry on Trusts, fourth edition, section 858, it
is said: "It was said in one case that 'forbearance of
the trustees in not doing what it was their office to have
done should in no sort prejudice the *cestui que trust*';

that is, that if the trustee does not bring an action to recover the estate within the statutory period, the *cestui que trust* is not barred.   But this is not the rule of law. Lord Hardwicke said: 'The rule that the statute of limitations does not bar a trust estate holds only between *cestui que trust* and trustee, not as between *cestui que trust* and *trustee* on one side, and *strangers* on the other; for that would make the statute of no force at all, because there is hardly any estate of consequence without such trust, and so the act would never take place.   Therefore, where the *cestui que trust* and his trustee are both out of possession for the time limited, the party in possession has a good bar against them both.' . . . . Where the trustee is barred so is the *cestui*."   And see also 13 Am. & Eng. Ency. of Law, 740, and cases cited.

Following the rule thus declared, it was said by this court in *McLeran* v. *Benton*, 73 Cal. 342, 2 Am. St. Rep. 814: "If the entry of the defendants was wrongful, the devisees of Harmon could not maintain an action, for that right existed exclusively in the executors, who, in all suits for the benefit of the estate, represented both the creditors and the heirs.   (*Cunningham* v. *Ashley*, 45 Cal. 493; *Halleck* v. *Mixer*, 16 Cal. 579.)   It would seem to follow, therefore, that when the executor is barred of his action the heir is barred, although the heir or devisee be laboring under a disability.   (*Wilmerding* v. *Russ*, 33 Conn. 68.)   The general rule is that when a trustee is barred by the statue of limitations, the *cestui que trust* is likewise barred, even though an infant.   (Hill on Trustees, 267, 403, 504.)"

If the law is correctly stated in the authorities above cited and referred to, and we think it is, then it is apparent that the court below was mistaken in its conclusions, and its judgment was erroneous.

We advise, therefore, that the judgment be reversed, and the cause remanded, with directions to enter judgment upon the findings in favor of the defendant corporation.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, it is ordered that the judgment be reversed, and the cause remanded, with directions to enter judgment upon the findings in favor of the defendant corporation.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.