HERBERT COCKSHAW, JR., as Successor Trustee under the Will of ALFRED COSTELLO, Deceased, Appellant, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Respondent.

*Per Curiam.* The complainant in this action meticulously asserts a cause of action based on tort by a depositary in permitting a trustee to convert entrusted assets left with the depositary. To that precise cause of action the defense of the three-year Statute of Limitations applies, and is sufficient. We pass on no other cause of action not pleaded. Facts which may charge one with actual or constructive knowledge are not relevant in determining whether the three-year Statute of Limitations applies. The situation might be different in a case where fraud was the gravamen. In this case appellant vigorously and very frankly claims that there was no fraud present. The sufficiency of pleadings may be judged only by the allegations. It is not practicable to speculate as to how the proof may vary therefrom, and in that event what the situation will be with respect to defenses pleaded. The order should be affirmed.

Dore, J. (concurring). Facts showing actual or constructive knowledge are ordinarily not relevant since ordinarily if the trustee is barred the beneficiary is also barred. But to this rule there is an exception with regard to one who knowingly participates in a trustee's breach of fiduciary duty; in such case the beneficiary for obvious reasons is not precluded from maintaining the action against the one knowingly participating in the trustee's breach of fiduciary duty unless the beneficiary is guilty of laches (Restatement, Trusts, § 327, subd. [2], par. [a]). Accordingly, in the case at bar if the facts adduced at trial establish that inquiry by the bank was called for and would have revealed the trustee's embezzlement, the bank is deemed to have knowledge.

Actual knowledge is not required. In *Fidelity & Deposit Co.* v. *Queens Co. Trust Co.* (226 N. Y. 225) in which a bank was sued for the appropriations of trust funds by the trustee and in which there was no evidence that any of the estate moneys misappropriated by the trustees were received by the bank in payment of any indebtedness to it, the Court of Appeals said (p. 233): " One who has reasonable grounds for suspecting or inquiring ought to suspect, ought to inquire, and the law charges him with the knowledge which the proper inquiry would disclose. Actual notice may be proved by direct evidence or it may be inferred or implied. Actual knowledge is not required. Actual notice embraces all degrees and grades of evidence, from the most direct and positive proof to the slightest circumstances from which a jury would have been warranted in inferring notice. If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary thoughtfulness and care, to make further accessible inquiries, and he avoids the inquiry, he is chargeable with the knowledge which by ordinary diligence he would have acquired. Knowledge of facts, which, to the mind of a man of ordinary prudence, beget inquiry, is actual notice, or, in other words, is the knowledge which a reasonable investigation would have revealed." In my opinion, the allegations of the complaint are sufficient to raise the issues above referred to. I agree however with the majority in holding that the defense may stand subject, however, to the proof at trial with regard to defendant's knowledge under the above-stated rule.

For the reasons stated, I concur to affirm.

Peck, P. J., Glennon, Callahan and Breitel, JJ., concur in *Per Curiam* opinion; Dore, J., concurs in separate opinion.

Order unanimously affirmed, with $20 costs and disbursements to the respondent. [See *post,* p. 834.]