(April 20, 1954.)

HERBERT COCKSHAW, JR., as Successor Trustee under the Will of ALFRED COSTELLO, Deceased, Respondent, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Appellant.

MEMORANDUM BY THE COURT. The present action is clearly barred by the Statute of Limitations (*Cockshaw* v. *Guaranty Trust Co.*, 282 App. Div. 688) and, therefore, summary judgment should have been awarded to defendant; the order appealed from is reversed, without prejudice to the commencement of a new action for fraud. The circumstances might warrant an examination before trial for the purpose of framing a complaint in a new action.

DORE, J. P. (dissenting). The complaint, the affidavits and exhibits indicate that a trust fund of about $100,000 deposited with defendant as a depository bank for upwards of twenty-five years in the name of a trustee was stolen by the prior trustee in the last three years of his activity. The embezzlement was achieved by the defaulting trustee drawing out substantial sums from his account as trustee, and depositing the same in the same bank in the *individual* account of the trustee's wife; they were paid out by defendant on the order of the trustee who had power of attorney over his wife's individual account. On the death of the embezzling trustee, there was only a trivial balance left.

The complaint alleges that defendant bank "well knew" the payments were made in breach of trust in "illegal and tortious diversion and misapplication of trust funds in which the defendant participated and for which the defendant is liable as a joint tort feasor"; and also alleges the embezzlements took place "with the participation and active aid of the defendant Guaranty Trust Company of New York." In spite of these serious charges regarding an account maintained in the bank for upwards of a quarter of a century, the bank contents itself with disclaimer of knowledge or information and the defense of the three-year Statute of Limitations.

Obviously this plaintiff, a successor trustee, who had no knowledge or information of the account or the embezzlements at the time they were made, is entitled to an examination. His good faith is established by the documents and the uncontradicted statement of facts in the moving affidavits as to the

method of the transfer of the trust funds. But instead of co-operating and producing the persons in the bank who have knowledge or information, defendant bank files affidavits alleging ignorance.

Of course, the facts and circumstances herein disclosed fully warrant a complete examination before trial of defendant on behalf of plaintiff, the successor trustee, for the purpose of amending the complaint and alleging, if the disclosed facts justify it, an action for fraud. Such application, *and for that specific purpose*, has been made and granted by the learned Special Term.

Of course there are persons in the bank who have or should have full knowledge or information of this account. Defendant would be well advised if it voluntarily produces all such persons for full and frank disclosure of relevant and material facts.

Accordingly, it seems to me that my learned associates are exalting form over substance by requiring a new application for examination to be made after granting summary judgment to defendant on the present complaint. It may be that on full revelation of all the facts, the bank will be completely exonerated, but the case should not be disposed of by summary judgment, but should await a full disclosure of all relevant facts at a trial with leave to plaintiff if the facts on the examination now ordered justify it, to amend the present complaint to allege a cause of action based on fraud.

A bank's participation in diversion of trust funds does not require that it obtain a financial advantage for itself directly through or from the diversion; it is sufficient if the bank joins in a diversion in which it was not financially interested, but with actual notice or knowledge that the diversion was intended or was being executed. "Adequate notice may come from circumstances which reasonably support the sole inference that a misappropriation is intended" by the trustee (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106, 113).

Convinced that we should affirm, with costs against the bank, I dissent accordingly.

Callahan, Breitel, Bastow and Botein, JJ., concur in decision; Dore, J. P., dissents and votes to affirm, in opinion.

Order reversed, with costs, and the cross motion for summary judgment granted. Settle order on notice.