Wingfield *et al. vs.* Virgin *et al.*

JOHN T. WINGFIELD, administrator, *et al.*, plaintiffs in error, *vs.* BELLE VIRGIN *et al.*, defendants in error.

1. When the legal title to property is vested in a trustee for infants, who can sue for it, and who fails to do so within the time prescribed by law, so that his right of action is barred, the infant *cestui que trusts*, who have only an equitable interest in the property, will be also barred ; but when the legal title is vested in the infants, or cast upon them by operation of law, then the statute does not run against them during their infancy.
2. In order to defeat a prescriptive title for fraud, the claimant's written evidence of title, under which he went into possession of the property, must be shown to have been fraudulent within his own knowledge, or notice thereof brought home to him before or at the time of the commencement of his possession.

Prescription. Statute of limitations. Trusts. Infants. Before Judge POTTLE. Wilkes Superior Court. December Adjourned Term, 1873.

For the facts of this case, see the decision.

R. TOOMBS, for plaintiffs in error.

W. M. & M. P. REESE, for defendants.

WARNER, Chief Justice.

In November, 1861, John B. Weems, who had intermarried with Elizabeth Wingfield, for the purpose of protecting his wife's equity in her share of her deceased father's estate, jointly with her, executed a deed of trust conveying to S. B. Wingfield, her brother, all the property to which she was entitled as a distributee of her father's estate, upon certain declared trusts expressed in said deed, one of which was that said trustee was to hold the said property for the sole and separate use of his said wife and children, born and to be born, the income of said property to be applied to the support, maintenance, education and use of the family, and not to be subject to the debts of said Weems, and at the death of himself and wife, or the survivor of them, the *corpus* of the property,

with its profits, to be divided amongst their children.   This deed was recorded within three months after its execution.   A part of the property assigned to Mrs. Weems as a part of her father's estate, and conveyed to the trustee, was a house and lot in the town of Washington, which is now the subject matter of controversy.   Wingfield, the trustee, never took possession of the house and lot, but it was taken possession of by Weems, managed and controlled by him, and whilst in the possession thereof, and acting as trustee for his wife and children, did, on the 14th day of October, 1863, sell and convey the said house and lot to one Nicholas Wylie for the sum of $17,500 00, signing the deed of conveyance as trustee for his wife, and the said Wylie went into the possession of the same under said purchase, and continued in possession thereof up to the time of his death, and by his legal representative since his death.   On the 14th day of November, 1864, Wingfield, the trustee named in the original deed of trust, and Mrs. Weems, executed another deed to Wylie, conveying the premises to him for the consideration of $17,500 00, as expressed in the deed, but, in fact, no money was paid when the last deed was executed.   The complainants, the children of Weems and wife, all being minors, filed their bill against the defendants to have the trust re-established, which they allege has been destroyed, the aforesaid deeds canceled, and an account taken of the rents and profits of the property, a new trustee appointed, and the trust executed in conformity with the terms of the original trust deed.   Wylie's legal representative, one of the defendants, claimed a title to the house and lot by prescription, under the statute.   On the trial of the case, the jury, under the charge of the court, found a verdict for the complainants.   A motion was made for a new trial, which was overruled, and the defendant excepted.

1. Did Wylie, in his lifetime, acquire a good prescriptive title to the house and lot as against the complainants?   What constitutes a title by prescription?   Title by prescription is the right which a possessor acquires to property by reason of the continuance of his possession for a period fixed by the

Wingfield *et al.* vs. Virgin *et al.*,

law.  Possession, to be the foundation of a prescription, must
be in the right of the possessor and not of another; must not
have originated in fraud; must be public, continuous, exclu-
sive, uninterrupted and peaceable, and be accompanied by a
*claim of right.*  Adverse possession of lands, under written
evidence of title for seven years, shall give good title by
prescription.  But if such written title be forged or fraudu-
lent, and notice thereof be brought home to the claimant be-
fore or at the time of the commencement of his possession, no
prescription can be based thereon: Code, 2678, 2678, 2680.
There is no dispute as to the fact that Wylie was in possession
of the house and lot for more than seven years under the first
deed executed by Weems, as trustee for his wife, before the
filing of complainant's bill, and it must be admitted, from the
evidence in the record, that he went into the possession of the
property under written evidence of title, and held that pos-
session under a claim of right, having paid a fair and valuable
consideration for it.  . There is no evidence of any *actual fraud*
in the procurement of the deed for the house and lot by Wylie
from Weems, which is necessary to be proved in order to de-
feat his prescriptive right of possession; in other words, there
is no evidence that his possession under that written evidence
of title *originated in fraud,* but on the contrary the purchase
of the property appears to have been made in good faith, and
for an adequate valuable consideration paid at the time he
went into the possession of the property under written evi-
dence of title.  But it is said the complainants were minors,
and that the statute did not run against them in favor of his
prescriptive title.  It will be noticed that the legal title to
the property was in Wingfield, the trustee, by the original
trust deed, and not in the complainants, and cannot vest in
them until the death of Weems, their father.  The Code de-
clares that no prescription works against the rights of a minor
during infancy: Code, 2686.  By the act of 1817, Cobb's
Digest, 567, it is declared that the statute of limitations, when
it has commenced running, shall not so operate as to defeat
the interest acquired by infants after its commencement.  This

court, in construing the act of 1817, in *Pendergrast vs. Foley*, 8 *Georgia Reports*, 1, held that the interest of infants, as contemplated by that act, must be such an interest as would enable them to maintain a suit in their own names for the property, as where the legal title to lands is cast upon the infant heirs of the deceased ancestor.   The court also held in that case, that when the legal title to property was in an executor, administrator or trustee for an infant who neglects to sue within the time prescribed by law, the statute of limitations shall bind the infant, and such is believed to have been the uniform ruling of this court: *Worthy vs. Johnson*, 10 *Georgia Reports*, 358.   If the words "interest acquired by infants" in the act of 1817, was properly construed by this court to mean a legal title in them, the words "rights of a minor during infancy," as mentioned in the Code, should receive the same construction.   In *Ladd & Wilson vs. Jackson*, 43 *Georgia Reports*, 288, this court held that the statute did not run against the minor children in that case, because the legal title to the land was vested in them.   The distinction is this, when the legal title to the property is vested in a trustee who can sue for it, and fails to do so within the time prescribed by law, and his right of action is barred, the infant *cestui que trusts*, who have only an *equitable* interest in the property, will be also barred; but when the *legal* title to the property is vested in the infants, or cast upon them by operation of law, then the statute does not run against them during their infancy.   In the case before us, the legal title to the property in controversy never was in complainants, and could not be until the death of Weems, their father; and therefore Wylie's title by prescription was good as against Wingfield, the trustee, who had the legal title to the property, and he being barred from recovering the possession of it, the complainants, his infant *cestui que trusts*, are also barred.

2.  It is insisted that the taking of the second deed by Wylie from Wingfield, the trustee, on the 14th of November, 1864, to the property, will defeat his prescriptive right of possession under his first deed, because the second deed was a fraud

on the rights of the complainants. Although the obtaining the second deed may have been a legal fraud so as to prevent him from acquiring any rights under it, still, it cannot have a *retroactive* operation so as to defeat his prescriptive title acquired under his first deed. Wylie's prescriptive title did not originate under the second deed, but originated under his first deed, and his possession commenced under it, and not under the second deed; besides, it does not appear from the evidence that there was any *moral fraud*, any covinous intention, in procuring the second deed. Wylie had honestly bought the property and paid a fair consideration for it, and doubtless believed he had a good title from Weems, but when he ascertained the contrary, it was but natural that he should desire to procure a better title from the trustee, and all the parties knowing that he had paid his money for it, including Mrs. Weems, she united with the trustee in making him another deed, expressing therein the consideration which he had paid when the first deed was executed, that is all of it in relation to the *mala fides* of that transaction. But assuming that there was actual moral fraud on the part of Wylie in procuring the second deed, as the complainants contend there was, still, his prescriptive title under which he claims the possession of the property did not originate under that deed. In order to defeat Wylie's prescriptive title for fraud, his written evidence of title, under which he went into the possession of the property, must be shown to have been fraudulent within his own knowledge, or notice thereof brought home to him before or at the time of the commencement of his possession. There being no evidence in the record of any actual fraud on the part of Wylie when he purchased the property from Weems and took his deed as trustee for his wife therefor, and went into the possession of it under a *claim of right* as his own property, and continued in possession for more than seven years, he acquired a good prescriptive title to the property under the statute as against the trustee of the complainants who had the legal title to it, and the trustee being barred of his right to recover it, the complainants, his *cestui que trusts,*

were also barred, they not having any *legal title* to the property vested in them, which would prevent the running of the statute against them as infants, according to the uniform rulings of this court heretofore made. To except minors during infancy from the operation of the statute, the legal title to the property must be in them.

Let the judgment of the court below be reversed.