BELLE VIRGIN *et al.*, plaintiffs in error, *vs.* JOHN T. WING-FIELD, administrator, defendant in error.

1. Where, upon a bill filed by the children of *cestui que trusts* against the administrator of the purchaser of property sold by the trustee, to recover the same, the defense is title by prescription, the trustee is an incompetent witness to prove what passed between him and the purchaser at the time of the execution of the deed relied on as color of title, in order to show that such instrument originated in fraud: WARNER, Chief Justice.

2. The verdict was neither contrary to the law nor the evidence.

New trial. Witness. Before Judge POTTLE. Wilke Superior Court. November Term, 1875.

This is the third time this case has been before this court. See 51 *Georgia Reports*, 139; 54 *Ibid.*, 451.

Report unnecessary.

W. M. & M. P. REESE; VASON & DAVIS; JOHN C. REED, for plaintiffs in error.

R. TOOMBS, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant to recover certain described property, including a house and lot in the town of Washington, Wilkes county. On the 14th of October, 1863, Weems, who was in possession of the house and lot, acting as trustee for his wife, sold

and conveyed the same to Wylie for the sum of $17,500 00, signing the deed as trustee. The complainants are the children of Weems and wife, and claim the property sued for under a trust deed executed by Weems and wife to Wingfield in 1861. For a more detailed statement of the facts of the case, see *Wingfield vs. Virgin et al.*, 51 *Georgia Reports*, 139. This is the third time this case has been before this court. It was first brought here by the defendant, Wingfield, and this court reversed the judgment of the court below and granted a new trial, holding that Wylie, the defendant's intestate, had a good prescriptive title under the statute to the house and lot as against the complainants. When the case went back to the court below the complainants amended their bill, and alleged that the deed under which Wylie went into possession as color of title, made by Weems to him, was procured by fraud, and sought to prove the fraud by Weems. The court below held that Weems was an incompetent witness and dismissed the case. The complainants sued out their writ of error and brought the case here for review. This court reversed the judgment of the court below, holding that Weems was a competent witness, and that the question whether the deed from Weems to Wylie originated in fraud so as to defeat his prescriptive title, was a proper question to be submitted to a jury under the allegations in the complainants' amended bill. On the last trial of the case, on the question of fraud, the jury, under the charge of the court, found a verdict in favor of the defendant. A motion was made for a new trial on the several grounds set forth therein, which was overruled by the court, and the complainants excepted.

1. The only witness who testified that Wylie knew that his possession of the house and lot *originated* in fraud, under his deed from Weems, was Weems himself, one of the parties to that contract. All the other witnesses testify to what Wylie said and did afterwards, when the validity of his title to the house and lot had become a matter of discussion amongst his neighbors. Although I concurred in the judgment of the court, holding that Weems was a competent witness on the

trial of the case of the complainants against the defendant, he not being a party to that suit then on trial, it does not necessarily follow that because a witness is competent to prove general facts within his knowledge, that he is competent to prove certain special facts, under the provisions of· the evidence act of 1866; and if the testimony of Weems as to what he said to Wylie, and what Wylie said to him at the time of the execution of the deed by him to Wylie, going to show that it was a fraudulent contract, had been objected to on the ground that Wylie, the other party to that contract, was dead, the objection, in my judgment, should have been sustained, although he might have been a competent witness to testify as to other facts in the case independently of what was said and done between himself and the dead man, Wylie, at the time of the execution of the deed by himself to Wylie.

2. The testimony of Weems, however, was admitted in relation to what was said by him to Wylie, and by Wylie to him, at the time he sold the house and lot and executed the deed to Wylie therefor, without objection, and the jury found for the defendant with that evidence before them.    The question was not whether Wylie could be charged as a trustee in view of the principles recognized by courts of equity, if the suit had been instituted within seven years ; but the question was, whether Wylie had a good prescriptive title to the house and lot, under the law and facts of the case ? According to the previous ruling of this court in this same case, ( *Wingfield vs. Virgin et al.*, 51  *Georgia Reports*, 139,) Wylie had a good prescriptive title to the house and lot under the law, unless it could be shown that his prescriptive title *originated in frand.* The fact that it appears from the evidence in the record that Wylie paid a fair and full consideration for the property to Weems, when he purchased it from him and took his deed therefor, and went into possession under that deed, is strong presumptive evidence, at least, that it was a *bona fide* purchase of the property on the part of Wylie.    To rebut that presumption, and to show that Wylie's prescriptive title which he claims, under the law, originated in fraud, the testimony of

Weems is mainly relied on. In view of his testimony, taken in this case on a former trial, and his testimony on the last trial, as the same appears in the record, it is quite probable that the jury did not give much credit to it, and that was exclusively a question for their consideration. The charge of the court in relation to the main controlling points in the case, was substantially correct, and although there may have been some errors in it, still the verdict was right under the law and facts of the case, and we will not disturb it.

Let the judgment of the court below be affirmed.