CASE 69—PETITION EQUITY—MAY 22, 1884.

## Barclay, &c., v. Goodloe's Ex'r, &c.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. TRUSTS—LIMITATION.—When a trustee, in whom is vested the legal title to land, is barred by limitation, the *cestui que trust* is also barred, although he be an infant.

2. ACCEPTANCE OF TRUST.—Where a trustee, empowered by the will under which he received his appointment to name his successor, appeared in an action instituted by him for the purpose of resigning the trust, and exercised the power thus conferred upon him, no further proof of his acceptance of the trust ought to be required after a great lapse of time.

3. PARTIES TO ACTIONS.—Where a will conferred upon a trustee under it the power to name his successor, the *cestui que trust* was not a necessary party to an action by the trustee to have a successor appointed.

BRECKINRIDGE AND SHELBY FOR APPELLANTS.

Brief withdrawn.

W. LINDSAY FOR APPELLEES.

1. The third clause of the will invested the three trustees with the legal title to, and the absolute control over, the estate for the purposes of the trusts created; and the title to the realty, and the power

and duty of controlling it, remained in the trustees, the survivor and his successor. (Perry on Trusts, sections 305, 343; Clark v. Anderson, 10 Bush, 103; Rev. Stat., chapter 80, section 14.)

2. In cases like this, nothing appearing to the contrary, the acceptance by the nominated trustee will be presumed. (Perry v. Davis, 3. B. M., 314.)

3. The infant *cestui que trust* was not a necessary party to the action by the trustee to be relieved of the trust, and to have a successor appointed. (*In re* Robinson, 37 N. Y., 261.)

4. The right of action is in the trustee of an express trust. The beneficiaries may be proper but are not necessary parties. (Civil Code, section 21; Meador v. Mitchell, 5 Abbott's Prac. Reports, 105, 106.)

5. When the statute of limitations bars the trustee of an express trust, it also bars the beneficiaries. (Coleman v. Walker, 3 Met., 65; Edwards v. Woolfolk, 17 B. M., 381; Williams v. Otey, 8 Humphrey (Tenn.), 569; Woolfolk v. Planters' Bank, 1 Sneed (Tenn.), 297;. Perry on Trusts, section 858; Angell on Limitations, section 473.) And this when beneficiaries are infants and lunatics. (Weaver v.. Lennan, 52 Md., 708; Crook v. Glenn, 30 Md., 55; Moulton v.. Henderson, 62 Ala., 426.)

JAMES H. MULLIGAN ON SAME SIDE.

1. From December, 1860, the possession of H. B. Barclay and James Barclay was adverse to the trustees and all other persons, and from that time the statute of limitations began to run, and continued to run in favor of the Barclays and their vendee, and in fifteen years barred the trustee, *cestui que trust* for life and those in remainder. (Smilie v. Biffle, 2 Barr (Pa.), 152; Crook v. Glenn, 30 Md.)

2. The legal estate of the trustees being barred, the equitable estate of the *cestui que trust* is also barred. (Edwards v. Woolfolk, 17 B.. M., 381; Coleman v. Walker, 3 Met., 66; Angell on Limitations, section 473 and notes; Tyler on Ejectment and Adverse Possession, page 882.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

John L. Barclay died in April, 1860, testate, leaving surviving him a widow, daughter and two sons, Herman B. and James C. Barclay.

By his will he devised all his estate, real and personal, of whatever kind, to James M. Barclay, John Jackson and John B. Tilford, in trust, for the purposes therein specified, with authority to appoint.

their successors, and in case of the death or resignation of either of them, the survivors or survivor to have the power to name successors.

He directed his residence to be sold, and another purchased for his wife to suit her, when and where she might wish, of less value, and power was also given to the trustees to sell any of his servants, with the consent of his wife. Subject to the right of his wife to retain whatever thereof she might wish, he directed the sale of his furniture, horses, carriage, and all personal property pertaining to his residence.

By the sixth clause of his will he directed the trustees to invest all the proceeds, not provided for the payment of his debts and the comfortable establishment of his wife, in notes secured by liens on real estate, or if such loans could not be obtained, the trustees had discretion to invest otherwise.

By the seventh clause he directed that the income of his estate, invested as above directed, should be for the use and benefit, during their natural lives, of his wife, daughter and two sons in the following manner: Five hundred dollars to be paid annually by the trustees to and for the use and benefit of his son Herman B. during his natural life, and six hundred dollars to be paid in the same manner and for the same time to his son James C. Barclay. The balance of the income of his estate he directed to be appropriated to the use and benefit of his wife and daughter during their natural lives, and if any part of the income designated for his wife should not be used for her and daughter, the trustees were directed to invest the overplus.

The thirteenth clause of the will is as follows: "I direct that after the death of my wife and my daughter Fanny, my estate shall be held in trust for the benefit of the children of my sons and daughter, should they have any, and until such children shall be twenty-one years old, and then equally divided between and among said children."

The widow and daughter both died after the testator, during the year 1860, the latter without having been married, and childless.

In July, 1861, the two sons, Herman B. and James C., the latter being then a minor, and suing by his next friend, instituted an action in the Fayette Circuit Court against the trustees, claiming that as their mother and sister had each died before any grandchild was born, the contingent remainder to the grandchildren was defeated, and that they were entitled in their own right to the whole of their father's estate, except so much as might be necessary to raise the annuities payable to themselves.

The trustees were each duly served with process, but did not file of record any answer to the petition, though an answer by them appears to have been placed amongst the papers of the action.

Herman B. Barclay had married previous to the commencement of that action, but after the death of his mother and sister, and had a child, Alex. B. Barclay, born while it was pending, and before judgment, but he was not made a party thereto.

March 1, 1862, a judgment was rendered in that action as follows: "That upon the deaths of the widow and daughter of the testator, John L. Bar-

clay, their being no grandchildren of testator in existence, born or unborn, at the time the trust for the benefit of the widow and daughter terminated, the property, money, etc., held and devised to the defendants as executors and trustees in trust for said widow and daughter passed by operation of law to the plaintiffs as the sole heirs and distributees of the testator, and that no trust arises concerning said property upon the subsequent marriage of plaintiff and the birth of a child."

It was farther adjudged that the defendants to the action, "after payment of the debts of testator and charges of administration, and reserving a sufficiency to produce the annuities bequeathed to plaintiffs, pay and deliver to them all the residue of testator's estate, only paying, however, the share of J. C. Barclay, which is one equal half, to his statutory guardian, or to himself on his arriving at age."

In July, 1863, H. B. Barclay and J. B. Tilford, acting as agent for John L. Barclay's representatives, sold the residence of the testator to W. C. Goodloe for the consideration of ten thousand dollars, and in August, 1864, a deed was executed for the property by H. B. and J. C. Barclay in proper person.

It appears that Goodloe took possession of the property in 1863, and held it continuously and adversely until his death in 1870, when he died, devising it to his wife, Almira Goodloe, appellee, who has so held it ever since.

In 1864, Goodloe, the purchaser, instituted an

action in the same court, for the purpose of obtaining a conveyance of whatever legal title might be in the trustees under the will of John L. Barclay, and by judgment rendered in that action such conveyance was directed to be made.

In November, 1865, Jackson, the only surviving trustee under the will, filed a petition in the same court, making the two sons of the testator parties defendants for the purpose of resigning his trust, and a judgment was rendered in pursuance of his prayer, appointing H. B. Barclay trustee in his place, who executed bond for the faithful discharge of his duties as such.

James C. Barclay died in 1879 intestate and insolvent, leaving two children, appellants, born subsequent to 1865, who, by their next friend, commenced this action March 7, 1879, to recover of appellee, Almira Goodloe, the property designated in the will as the testator's residence, and which, as before mentioned, was conveyed to W. C. Goodloe in August, 1864, by H. B. and J. C. Barclay. Alex. B. Barclay, son of H. B. Barclay, was made a defendant to the action, but does not appear to be a party to this appeal.

For her defense to the action, appellee alleged in her answer the want of title in appellants to the property in contest, and also pleaded and relied upon the statute of limitation.

It appears that Tilford, one of the trustees, disclaimed his trusteeship, and James M. Barclay, another one, died about 1862 or 1863, leaving Jackson the only survivor.

Counsel for appellant contends that there is not sufficient evidence that Jackson ever accepted the appointment or took upon himself the duties of trustee under the will.

We think there is sufficient evidence to show that he did accept the trust, and acted under his appointment; but to what extent does not clearly appear. He did, however, in 1865, appear in the action brought by him in the character of trustee, and exercised the power conferred upon him by the will to designate H. B. Barclay as his successor. Having thus assumed and claimed the rights conferred upon him as such trustee by the will, we think it unnecessary to require after such lapse of time any farther proof of his acceptance of the trust. (Penny v. Davis, 3 B. M., 313.)

Nor do we think it was necessary for him to make the only grandchild of the testator then living a party to the action instituted by him in 1865 for the purpose of having a successor appointed. The will conferred upon him the express power to name his successor, and by virtue of the order of the Chancellor appointing H. B. Barclay, who was designated by Jackson as the person he wished appointed, Barclay became in all respects a trustee under the will.

There having been an acting trustee from the death of the testator, and an adverse holding by appellee and her husband, under whom she claims, for more than fifteen years next before the commencement of this action, has the disability of appellants prevented the statute of limitation from running?

This question having heretofore been passed upon and decided by this court, it is unnecessary to enter into an extended discussion of the subject. It has been decided expressly that the legal estate which is vested in a trustee, together with the equitable interest dependent upon it, may be defeated by the statute of limitation; and this though the *cestui que trust* be an infant. (Edwards v. Woolfolk's Adm'r, 17 B. M., 376.)

The property in contest in this case was purchased by Goodloe from the two sons of the testator, and was thereafter held adversely as well to the trustees under the will as to the grandchildren of the testator.

We perceive nothing in the circumstances of this case authorizing it to be excepted from the settled rule heretofore adopted by this court.

There is nothing showing the purchase by Goodloe to have been fraudulent or unfair; but, on the contrary, he paid a fair and full consideration to the two sons of the testator.

Under the will the trustees had the authority to sell the property purchased by Goodloe, and it was manifestly the intention and desire of the testator it should be sold, and the proceeds invested by the trustees.

It is true it was sold by the two sons instead of by the trustees, but one of the sons became a trustee afterwards, and was responsible to appellant for the proceeds of the sale.

But it is not necessary to decide whether that would be sufficient to prevent a recovery of the property, as we think the statute of limitation is an available defense.

The judgment must be affirmed.