WEEMS *et al. v.* SIMPSON.

It appearing from a full review of all the pleadings and evidence that the court below was right in sustaining the plea of "*res adjudicata*," there was no error in withdrawing the case from the consideration of the jury or in dismissing the same.

January 27, 1894.

Complaint for land.      Before Judge McWHORTER. Wilkes superior court.      May term, 1893.

COLLEY & SIMS, S. H. HARDEMAN, WILLIAM WYNNE and N. J. & T. A. HAMMOND, for plaintiffs.

W. M. & M. P. REESE, for defendant.

LUMPKIN, Justice.

This was an action brought by the Misses Weems against Robert A. Simpson for the recovery of certain realty in the town of Washington. By the abstract attached to the petition, it appears that the plaintiffs claim title under a deed from their father and mother, John B. and Mary E. Weems, to Samuel B. Wingfield, trustee, dated November 16th, 1861, plaintiffs being two of the four children specified in the deed, and claiming as beneficiaries thereunder. Besides the general issue and prescription, the defendant filed a plea of "*res adjudicata*," alleging that upon a bill in equity formerly brought by these plaintiffs for the same property, and claiming under the same title now relied on, against the administrator of one Nicholas Wylie, it had been adjudicated they had no right to recover. This plea alleged further that defendant is in privity with the estate of Wylie, because the father of defendant, at a sale lawfully made by Wylie's administrator, after the final disposition of the

above mentioned bill, purchased all the right, title and
interest of Wylie's estate in the premises, and the de-
fendant now holds the same under his father's will.

After the evidence was in, the judge withdrew the
case from the jury, passed an order sustaining the plea
of "*res adjudicata*," and dismissed the case; and our
conclusion is that there was no error in the judgment
rendered.

The property in dispute was involved in the bill re-
ferred to, which was filed by Belle Virgin and the other
children of John B. Weems and wife, including the
present plaintiffs, against John T. Wingfield, as admin-
istrator of Wylie, many years ago. That case came to
this court three times, is reported in 51 *Ga.* 139, 54 *Ga.*
451, and 56 *Ga.* 474, and finally resulted in a verdict
and decree in favor of the defendant. The bill, as it
originally stood, prayed for the cancellation, as clouds
upon complainants' title, of the two deeds to Wylie
mentioned in 51 *Ga.*; also, that an account be taken of
the rents, issues and profits of the property from the
time Wylie took possession of it; that the amount of
damage done by him, resulting from certain alleged acts
of waste, might be fixed; that they recover of Wylie's
administrator these several amounts of money, as well
as the property itself; and that Samuel B. Wingfield
be removed from his office as trustee, and some other
person be appointed in his stead.

On the trial of the present case, the entire record of
the former case was in evidence, and it was also shown
that at a sale of the property which was made by John
T. Wingfield, as administrator of Wylie, after the ter-
mination of the above mentioned litigation, it was pur-
chased by William W. Simpson, deceased who was the
father of the present defendant, under whose will the
latter claims. The terms of the deed from John B.
Weems and wife to Samuel B. Wingfield, trustee, are

stated in the opinion of Chief Justice WARNER, appearing in 51 *Ga., supra.*

An examination of the reports of the former case in the three volumes above cited will not, however, by any means disclose all that will appear from an inspection of the papers constituting the entire record in that case. It is not our present purpose to set forth here that record. The case was so complicated, and in so many respects *sui generis,* our ruling that the effect of the final decree rendered in it was to cut off the plaintiffs from any right to recover in the case at bar would be of but little value as. a precedent. It is hardly probable that a state of facts precisely similar, or even closely resembling those now involved, will again arise. For these reasons, we do not think the time and labor requisite to state and discuss all the facts involved and to deal with all the various questions presented would be profitably expended. The case therefore is not one specially calling for an opinion, but for the fact that the bringing of it was probably inspired by certain remarks of Chief Justice BLECKLEY in the case of *East Rome Town Company* v. *Cothran et al.,* 81 *Ga.* 359. ' We simply wish to show that what he said there is not inconsistent with our present judgment. Among the very important papers not disclosed by any of the reports of the *Virgin* case may be mentioned : 1st. A demurrer to the complainants' bill filed by the defendant, setting up that they had no right to sue for or recover the property until after the death of their father, John B. Weems. 2d. A judgment overruling this demurrer, which in effect adjudicated that they could maintain their bill and recover during his lifetime, if they sustained their averments by evidence. 3d. An amendment filed to the bill before the second trial in Wilkes superior court, containing numerous and important allegations. 4th. The full charge given by the judge at the last trial in that

court, showing clearly the issues then made and passed upon. It is unnecessary to set forth the contents or substance of these documents. Suffice it to say that had they been set forth in the reports referred to, there would have been a much more complete exhibition of the nature of the litigation, and the legal effect of the final disposition of it upon the complainants' rights would have been more apparent. What the Chief Justice said in the *East Rome* case must be considered in the light of the facts just mentioned. We quote from his opinion in that case the following language : " At first view, the case of *Wingfield* v. *Virgin*, 51 *Ga.* 139, would seem to militate with these decisions, but it is susceptible of an easy reconciliation with their purport. Upon looking at the terms of the conveyance in *Wingfield* v. *Virgin*, it is obvious that the question of whether the children took a legal remainder, had it been directly made, could have been decided in the affirmative; but that question was not made, inasmuch as the purpose of the bill filed by the children and their mother was to reinstate the trust and obtain an accounting for the income of the property, not after the death of the parents, but for a period which had elapsed while they were alive. The decision of the court was that the bill was barred. Why was it barred ? ' Because Wylie, the purchaser, had bought in good faith and held for seven years or more as against the trust title, and that title, though it may have been limited to the life of Weems and wife, was barred by such holding.' The trust estate was therefore gone, and of course, with it, the right to recover income to which the trustee or the beneficiaries pending his term would have been entitled. The court did not undertake to adjudicate how long the trust estate continued, but only that, the trustee being barred, the beneficiaries could not have the trust reinstated so as to have the trust term go on for their benefit, and so

as to recover the rents and profits to which the trustee
had the legal title. It was not, and never has been, de-
cided that the children, after the death of Weems and
wife, could not recover the property upon their legal
title as remaindermen." 81 *Ga.* 362, 363. The last
sentence contains an intimation that the present plain-
tiffs, after the death of their father and mother, might
recover the property in dispute. It must, of course, be
borne in mind that the Chief Justice was not then en-
deavoring to pass upon the merits of the present case.
He simply referred to the *Virgin* case, where it was first
reported in 51st *Ga.*, with a view to showing that it was
reconcilable with other cases he had just cited. Even
if he had examined the reports of the *Virgin* case in
54th and 56th *Ga.*, they would not have disclosed all of
the record of that case now material,—notably the parts
above mentioned, viz: the demurrer to the original bill;
the overruling of the same; the amendment filed by the
complainants; and the charge of the court upon the last
trial in the superior court. In order to determine defi-
nitely and authoritatively the question whether the
Weems children are now entitled to recover upon their
legal title as remaindermen, it is necessary to examine
and consider the force and effect of the pleadings and
the verdicts and judgments rendered thereon in Wilkes
superior court in the prior litigation concerning this
same property, in connection with all the proceedings
and contentions of the parties; and to do this properly,
an inspection of the entire record of the former case is
indispensable. Without such inspection, the remark of
the Chief Justice that this court had never decided that
the Weems children could not recover upon their legal
title as remaindermen, could, in no fair view, be treated
as decisive of the controlling question presented in the
present case. Indeed, that remark, when considered
with reference to the record as disclosed in the report

in 51 *Ga.*, and even as disclosed in the reports in 54 and 56 *Ga.*, was not only accurate in itself, but the intimation contained in it was perfectly correct. Those reports, as we have shown, by no means set forth the entire record of the former case, or disclose with certainty within what limits the contentions of the parties, as actually made and submitted, were confined. Having now before us the whole record, we have, after a thorough and careful examination of it, reached the conclusion that the plaintiffs in the present case were estopped by the final verdict and judgment in the former litigation, and that the court below was right in so holding.

*Judgment affirmed.*