## BROWN v. DOHERTY et al.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. EXECUTORS—DEED—VALIDITY.
    A deed by one only of two executors, where both have qualified and are acting, is void.
2. SAME—EJECTMENT—LIMITATIONS.
    Where executors sold land of their testator, but only one of them executed the deed, and the grantee went into possession, a right of action in ejectment accrued at once in their favor, and limitations began to run against them, under Code Civ. Proc. § 415, from that time.
3. SAME—POWER OF SALE—TRUST.
    Where a testator left property in trust to his executors, to sell it and pay the income from investment of the proceeds to his wife, as long as she should remain his widow, for the support of his infant children during their minority, the trust thereby created was for the benefit of the infants, and not of the widow.
4. SAME—LIMITATIONS.
    Where executors hold the legal title to land in trust for minors, the period in which limitations run against the executors as to an action for possession of the land should be counted, in determining whether the action is barred; and if it, in connection with the period elapsing after the infants reach majority, makes more than 20 years, the action is barred.
5. SAME.
    Where executors holding land in trust for infants make a void deed thereof, and the grantee takes possession, if the executors do not continue to hold the legal title the infants may at once maintain an action for the land; and, under limitations provided by Code Civ. Proc. §§ 365, 375, the action cannot be maintained when the grantee has been in possession more than 20 years in all, and more than 10 years after the infants reached majority.
6. ADVERSE POSSESSION—SUBSTANTIAL INCLOSURE.
    Where plaintiff, claiming title to a lot, incloses it on three sides with a fence, so that it makes a complete inclosure in connection with an adjoining lot, the owner of which makes no claim to the first lot, but has given his individual covenant of quiet enjoyment in an executor's deed thereof, there is a substantial inclosure of the lot, within Code Civ. Proc. §§ 370, 372, providing that such an inclosure constitutes adverse possession.

Appeal from Judgment on Report of Referee.

Action by Mary E. Brown against Patrick Doherty and another. From a judgment in favor of plaintiff on report of a referee, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and LAUGHLIN, HATCH, O'BRIEN, and INGRAHAM, JJ.

George W. Carr, for appellants.
F. W. Hottenroth, for respondent.

LAUGHLIN, J.    This an action to determine the claim of the defendants to real property described in the complaint. The premises are situate in the county of Westchester, and were owned in fee simple absolute by Thomas Doherty, who died seised and possessed there-

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 505.

of on the 3d day of December, 1874, leaving a last will and testament, upon which letters testamentary were duly issued to Hugh Lunny and Patrick Doherty on the 17th day of March, 1875. The fifth clause of the will, the construction of which is to some extent involved in this litigation, was as follows:

"I give and bequeath unto my executors to be hereinafter appointed, the rest, residue and remainder of my personal and real estate, in trust, nevertheless, and I do hereby by this my last will and testament, authorize my executors hereinafter appointed to rent, sell or dispose of the rest, residue and remainder of said real estate, either at public or private sale as they may deem most advantageous to my estate and to execute good and sufficient deed or deeds for the same and to place the residue of the money after paying my just debts as hereinbefore directed arising from such sale or sales, at interest and to pay to my said wife so long as she shall remain my widow, such income arising therefrom for the support and maintenance of my said infant children, during their minorship or infancy.

"And after the said Margaret Dougherty shall cease to be my widow, I give and bequeath to my said children Patrick Dougherty, John Dougherty and James Dougherty, equally, share and share alike, all the estate, both real and personal, that may remain in the hands of the said executors at the time the said Margaret Dougherty shall cease to be my widow.

"And I do also authorize and direct my said executors in case of the sale of any real estate, as already provided for, to sign, seal, execute and deliver good and sufficient deed or deeds of conveyance in the law for conveying the said real estate to the purchaser or purchasers thereof."

The premises in question fell within the residue of the estate disposed of by the fifth clause of the will. The plaintiff claims title under a sale by the executors. The defendants are the sole surviving issue of the testator, and they claim title under the will, upon the theory that there was no sale by the executors, and that the trust was terminated by the death of the widow on the 24th day of January, 1888. A sale of the premises at public auction was advertised in the Empire State Journal, of White Plains, in the name of both executors, once a week for four consecutive weeks, and by handbills conspicuously posted throughout the village of Westchester, to take place at an hour and place specified on the 1st day of August, 1878. At the time and place specified, a public sale was conducted by a licensed auctioneer in the presence of both executors, and the property was struck off to one Kedney on his bid of $400, and he paid 10 per cent. of the purchase price pursuant to the terms under which the property was offered for sale. Kedney thereafter assigned his bid, for a valuable consideration, to James F. Brown, the husband of the plaintiff, who, on the 5th day of August, 1878, paid the balance of the purchase price to Patrick Doherty, one of the executors, and received a deed from him, as executor, dated on that day, which was duly recorded on the day following. The other executor subsequently refused to sign the deed upon the ground that certain claims against the estate had not been settled, but he persisted in his refusal after an offer on the part of Brown to pay the same. The evidence justified a finding of good faith on the part of the executor who executed the deed, and on the part of Brown in paying the purchase price and accepting it. The premises consisted of a vacant lot in the town of Westchester, having a frontage of 110 feet on Union avenue, and extending in depth

on one line 386 feet, and on the other 403 feet. At this time the lot was inclosed on the rear and one side, at least, by fences. On one side, however, there was no fence. The lot adjoining the premises on that side was owned by Patrick Doherty, the executor who executed the deed, who was the father of the plaintiff. Brown, during the time he held the deed from the executor, and the plaintiff since, took possession, claiming title under the deed, and claimed and exercised exclusively such acts of ownership as might be exercised in view of the condition of the property. The plaintiff, shortly after receiving her deed, repaired the fences, and built a new fence in front, and annually paid the taxes. The adjacent lot, between which and the premises in question there was no fence, was also inclosed, front, rear, and on the opposite side; the two lots forming one entire inclosure. The plaintiff's father never made any claim or exercised any act of ownership over these premises, and in the deed which he gave as executor, which recites that it was given pursuant to the will, he gives an individual covenant of quiet enjoyment. Upon the death of her father, the date of which is not shown, the title to the adjacent lot descended to her, as his heir.

It appears that the executors never accounted. Executor Lunny died on the 31st day of December, 1890. The other executor is dead, but the date of his death is not shown. The defendants were minors at the time of the execution of the deed by the executor, and the younger became of age on the 21st day of December, 1889. It does not appear that there was ever any demand on the executors for an accounting, or that any of the claims against the estate remained unsatisfied. The inference is, and it seems to have been assumed, that the property was taxed to the plaintiff after he obtained a deed therefor. Of course, a deed from one only of two executors or trustees, where both have qualified and are acting, is void. Brennen v. Willson, 71 N. Y. 502; Wilder v. Ronney, 95 N. Y. 7. Assuming, without deciding, that the circumstances were not such that it can be said that the executor Lunny, in refusing to execute the deed, did "neglect or refuse to take upon him the execution" of the will, within the intent and meaning of section 55, tit. 1, c. 6, pt. 1 (1st Ed.) Rev. St., so as to enable the other executor to convey the legal title, which it is claimed is not free from doubt (Roseboom v. Mosher, 2 Denio, 61), yet it is clear that as against the executors, acting as trustees, the statute of limitations against an action to recover possession of the premises commenced to run at once (Code Civ. Proc. § 415; Chase v. Cartright, 53 Ark. 358, 14 S. W. 90, 22 Am. St. Rep. 207; Willson v. Louisville Trust Co., 102 Ky. 522, 44 S. W. 121; Ewing v. Shannahan, 113 Mo. 188, 20 S. W. 1065; Meeks v. Olpherts, 100 U. S. 564, 25 L. Ed. 735). See, also, Yeoman v. Townshend, 74 Hun, 625, 26 N. Y. Supp. 606; Smith v. Hamilton, 43 App. Div. 17, 59 N. Y. Supp. 521. It is to be observed that the devise to the executors as trustees was for the benefit, not of the widow, for whom special provision was made in the third clause of the will, by giving her a life use of this parcel of real estate, but for the "support and maintenance" of the children. If, as seems quite clear, the trustees during the continuance of the trust held

the legal title, and represented the defendants, that period should be counted in determining whether the statute of limitations has run. Chase v. Cartright, supra; Willson v. Louisville Trust Co., supra; Ewing v. Shannahan, supra; Meeks v. Olpherts, supra. And such period, taken in connection with the time that elapsed after the defendants became of age before this action was commenced, makes more than the 20 years required to bar an action by them. But even if this be not so, and the trustees were not entitled to possession, then defendants were at liberty to maintain an action of ejectment in their own behalf when the plaintiff took possession claiming title under this deed; and more than 20 years having elapsed since that time, and more than 10 years having elapsed since they became of age, their right to maintain an action for possession has become barred. Code Civ. Proc. §§ 365, 375. The case is distinguishable from those where there is an outstanding life estate, or estate held for the benefit of another, and where the life beneficiary or the trustee is alone entitled to possession, in which case the statute of limitations does not begin to run against the remainderman until he is entitled to possession. Clute v. N. Y. C. & H. R. R. Co., 120 N. Y. 267, 24 N. E. 317; Fleming v. Burnham et al., 100 N. Y. 1, 2 N. E. 905; Simis v. McElroy, 160 N. Y. 156, 54 N. E. 674, 73 Am. St. Rep. 673; Jackson v. Mancius, 2 Wend. 357.

We think the plaintiff has held the premises adversely under the deed of the executor. The lot was completely inclosed against every one except the plaintiff's father, who makes no claim of title, and who was under a personal covenant of quiet enjoyment contained in his deed as executor. In these circumstances, the mere fact that the lot was left open on the side toward the premises of the plaintiff's father, which premises themselves were otherwise completely inclosed, does not, we think, deprive the plaintiff of the benefit of the claim that her premises were "protected by a substantial inclosure." Code Civ. Proc. §§ 369, 370, 372. The plaintiff, having thus held the premises adversely for the period during which the statute of limitations against any action for possession has run, has good title. Baker v. Oakwood, 123 N. Y. 16, 25 N. E. 312, 10 L. R. A. 387.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.