courts, but I go further than that and say that I have no inherent power under the statute to grant the motion and, therefore, the motion is overruled, and it may so appear in the entry.

MR. MATTERN:   To that we note our exception.

THE COURT:   The plea of not guilty may be restored in the entry as provided by the statute.

*R. R. Nevin*, Prosecuting Attorney, and *E. G. Denlinger*, for plaintiff.

*Conrad J. Mattern* and *Harry F. Nolan*, for defendant.

---

### WORDS OF PERPETUITY IN TRUST DEED.

[Common Pleas Court of Hamilton County.]

GEORGE B. VAUGHAN ET AL, TRUSTEES, v. CATHARINE ZITSCHER ET AL.

Decided, March, 1906.

*Deeds—Executed by Trustees—Word "Heirs" not Necessary to Create a Fee, When—A Trustee not a Mere Repository of Title, When— Exceptions to the Rule as to Words of Inheritance and Words of Limitation.*

The use of the word "heirs" or other words of perpetuity in a trust deed are not necessary to vest a fee simple title in a trustee, where the face of the deed discloses a purpose to grant power of sale to the trustee; and the omission to name successors is without significance so far as sales by the original trustee are concerned, and should a new trustee be appointed, he can be empowered to carry out the purpose of the trust so far as is found necessary.

S. W. SMITH, JR., J.

The plaintiffs filed their petition to foreclose a purchase money mortgage on lots 9 and 10 on a plat of subdivision of part of lots 1, 2, 3 and 4 of George Vaughan's estate, the same being situated on Vaughan road, Price Hill, in the city of Cincinnati.

The defendants' answer sets forth the fact that on the 17th day of September, 1903, plaintiffs herein, as trustees, conveyed by deed of general warranty to Catharine Zitscher said real

estate, but sets up by way of defense that said deed did not convey to her the fee simple title in said property, and in support of that claim there is set forth in the answer a copy of the deed from John Vaughan to George B. Vaughan and James P. Vaughan, trustees, recorded in Deed Book 839, page 241, of the Records of Deeds of Hamilton County, Ohio; and asserts that said deed in fact did not vest a fee simple title to said premises in said trustees, but said trustees are entitled to only an undivided interest in the same as heirs of John Vaughan, deceased, by reason of the fact of the omission from said trust deed of the word "heirs" or other words of perpetuity, and asks to be relieved from their liability under said mortgage.

Plaintiffs have filed a demurrer to this answer and the question raised thereby is whether or not the word "heirs" or other words of perpetuity in a trust deed are necessary to vest a fee simple title in a trustee.

The deed from John Vaughan to George B. and James P. Vaughan, trustees, conveys lots 1, 2, 3 and 4 of the subdivision of the estate of George Vaughan, deceased, made in proceedings in partition in case No. 3885 of the Common Pleas Court of Hamilton County, Ohio, wherein Liberty Vaughan et al were plaintiffs and John Vaughan et al were defendants, as recorded in Book of Records of Deeds of Hamilton County, Ohio.

The terms of this deed are as follows:

"Whereas the said John is desirous of improving certain real estate now to him belonging and hereinafter described, to the end that the same and the proceeds thereof may be by him better enjoyed during his lifetime; and whereas the said John Vaughan is desirous of making such disposition of his property as will enable the same to be disposed of before or after his decease in such manner and at such times as will preserve the same from possibility of sacrifice, and will insure to himself and his children, as hereinafter named, the most desirable results therefrom; now, therefore, this indenture witnesseth that said John Vaughan, in consideration of the sum of $1 in lawful money of the United States, and other good and valuable considerations, to him paid by the said George B. Vaughan and James P. Vaughan, receipt whereof is hereby acknowledged, has granted, bargained, sold, released, confirmed and conveyed, and by these

presents does grant, bargain, sell, release, confirm and convey to and unto the said George B. Vaughan and James P. Vaughan, and their successor hereinafter designated, as trustees, to and for the uses and purposes hereinafter set forth, all of the certain lots, pieces or parcels of land now to him belonging and lying, being and situated in Delhi township, Hamilton county, Ohio, and more particularly hereinafter described, as also all other real or personal property now to him belonging wherever situated, with the reversion and reversions, remainder and remainders, rents, issues, profits and proceeds thereof and therefrom arising in any manner whatsoever, and all the right, title, interest, possession, claim and demand whatsoever, as well at law as in equity, of the said John Vaughan in and to the same.    [Then follows the description of the property.]    The same to be held in trust and to and for the uses and purposes hereinafter named, hereby giving and granting to the said George B. Vaughan and James P. Vaughan, and their successor hereinafter designated, as trustees, full power and authority to rent, lease, sell, mortgage, or in any other manner encumber or dispose of said real estate, or any part or parcel thereof, at public auction or by private contract, upon such terms, at such prices, and at such times and places as said trustees shall deem expedient; and also to execute, deliver and receive such instruments, assurances and conveyances as shall be requisite therefor.    I hereby further authorize my said trustees and their successor to grade, street, subdivide and make such improvements in, upon and about such real estate or any portion thereof as they may in their judgment deem to be to the betterment thereof, including the erection of new buildings thereupon preparatory to the sale thereof, thereafter or at such time or times as they may deem to be expedient.    I further empower my said trustees at their discretion to purchase at public sale any real estate on which they may hold a mortgage, to protect said trust fund, and hold and dispose of such purchased realty as they may deem to be expedient.    I further direct that if either of the two trustees herein named die, resign, or become incapacitated before the completion of the trust, that the survivor shall continue to execute the provisions of this deed alone, and such survivor as successor shall be clothed with all the powers and be subject to all the provisions hereinbefore and hereinafter provided for said two trustees named.    I hereby direct that the proceeds resulting from the disposition of the property hereby so conveyed in trust and coming into the hands of my said trustees hereunder shall be applied as follows.''

He further provides in the deed that out of said trust funds he shall be provided during his life with suitable means of support and for the distribution of the residue thereof amongst his children.

Numerous authorities have been cited to the court relative to the question as to whether the trustees took a fee simple title to the property, so as to enable them to sell and convey to purchasers a fee simple title in said real estate. Among the authorities cited on this question, the court will call attention to the following:

Jones on the "Law of Real Property in Conveyancing," Vol. 1, Section 593, p. 488, lays down the rule—

"There is an exception to the rule that the word 'heirs' is necessary to create a fee in case of a trust. When upon the face of the deed it appears that the conveyance is in trust for a use, the full purpose of which requires, or may possibly require, the vesting of a fee in the trustees, he is held to take an estate in fee simple without the use of the word 'heirs' as a word of limitation upon the estate conveyed. Thus, a deed to trustees and their successors in trust to sell and convey in fee simple absolute, without the word 'heirs' in either the habendum or granting clause, conveys to the trustees an estate in fee simple." (Citing numerous authorities in support of the rule.)

Washburn on "Real Property," 6th Ed., Vol. 1, page 75, Sec. 149, says:

"Trustees, however, take a legal estate commensurate with the equitable estate, and that only, without regard to the words of limitation used. The trustee will take whatever legal estate is necessary to enable him to carry out the trust. * * * Thus a grant to A B in trust to sell carries a fee."

Vol. 27 of the Am. & Eng. Enc. of Law, 1 Ed., p. 107, Sec. 14, says:

"In order that the trustee may acquire any estate or interest in the property conveyed, some power must be reposed in him or some duty imposed upon him, that will constitute him more than a mere repository of the title. * * * The estate of the trustee is commensurate with the powers conferred by the trust and the purposes to be achieved by it. Whatever estate is needed to effectuate the settlor's intention in creating the trust, even to a fee simple, the trustee acquires. * * * It matters

little what form of words has been employed to create the trust * * * the doctrine just stated being universal, that is to say, that despite the language of the instrument, whatever estate is necessary for the full execution of the trust, vests in the trustee.''

In 12 Mich., 241, *Angel* v. *Rosenbury*, at p. 266, the court says:

''In a conveyance in trust for the sale of the land and real estate and * * * for the payment of debts from the proceeds, in such a case we do not think the word 'heirs' is necessary to convey a fee * * * the trustee must be held to take an estate as large as may be necessary for the purposes of his trust, whether the conveyance contained words of inheritance, or not.''

In 113 Mo. Rep., 188, *Ewing* v. *Shannahan*, at bot. p. 193 and top 194, the court says:

''The deed in question would pass a fee simple estate to the trustee, for, though in general * * * words of inheritance are necessary to pass a fee, yet there are exceptions to the rule. Thus, when lands are devised or conveyed to a trustee without the use of the word 'heirs,' and it is necessary that the trustee should take an estate of inheritance in order to enable him to carry out the intention of the donor, he will take an estate in fee simple.''

The Circuit Court of Hamilton County in the case of *Stephenson et al* v. *Sedam et al*, 12 C. C., 408, Syl. 2, holds that—

''No synonym will supply the word 'heir' in a deed, and no circumlocution has ever been held to create a fee, *except in case of a conveyance in trust*. The trustee will take the legal estate in fee, though limited to heirs, without the word 'heirs,' if the trust which he had to execute be to the *cestui que* trust and his heirs.''

And in the opinion, page 415, the court adopts the language of 1st Washburn on Real Property, Sec. 53—

''That in the case of a conveyance in trust, the trustee will take the legal estate in fee, though limited to him without the word 'heirs,' if the trust which he has to execute be to the *cestui que* trust and his heirs * * * because without such

a construction the trustee would not be able to execute the trust. * * * Thus a grant to A in trust, to sell, carries a fee.''

The Supreme Court of Ohio in the case of *Brown* v. *National Bank,* reported in 44 O. S., 269, Syl. 1 and 2, had occasion to construe a mortgage in which the word ''heirs'' or other words of perpetuity were omitted, and held:

''By a well established general rule the use of the word 'heirs' or other appropriate words of perpetuity in a mortgage *or other deed of conveyance* of lands, essential to pass a fee simple estate; but this is not an inflexible rule admitting of no exception or qualification. When the language employed in, and the recitals and condition of, a mortgage plainly evidence an intention to pass the entire estate of the mortgagor as security for the mortgage debt,`and the express provisions of the instrument can not otherwise be carried into effect, it will be construed to pass such estate, although the word 'heirs' or other formal word of perpetuity are not employed.''

Counsel for defendants in this case cited the court to the 10th Ohio Report, page 1, *Miles* v. *Fisher,* as supporting their contention that a fee is not vested in the trustees under said deed. But upon examination it will be found that the case is not, in the judgment of the court, analogous to the case at bar. And again the case of *Miles* v. *Fisher* was questioned as an authority by the Supreme Court in 1 O. S., 478, *Williams* v. *The First Presbyterian Society of Cincinnati,* at the top of page 503, where the court said with reference to that case:

''But it is to be observed, that the question whether they took a fee, does not seem to have been argued, and the case, as to the point now under consideration, is, possibly, of doubtful authority.''

In view of the power and authority expressed in the trust deed in question and the law as hereinbefore cited applicable thereto, the court is of the opinion that the use of the word ''heirs,'' or other words of perpetuity, was not necessary in said trust deed to vest in the trustees the fee simple title to the property in question. The face of the deed shows the purposes

and power of sale given to the trustees; and to carry out the uses for which the deed was made the omission of the word "heirs" is not fatal, for such a deed must necessarily convey to the trustees an estate in fee simple to enable said trustees to fully execute the trust.   As to the omission to name successors, this also would avail nothing, as such sales made by the present trustees at least would be valid and vest a fee in the purchaser. This question might never arise if all the property should be disposed of by the trustees prior to their death, and, if not, then new trustees might be appointed to carry out the object of the trust if found necessary.   The demurrer of the plaintiffs to the answer of the defendants will, therefore, be sustained. .

*Gideon C. Wilson,* for plaintiffs.

*Louis J. Dolle,* for defendants.